UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL G. LYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.: 05-1328(PLF) |
| | ) | ECF |
| CONDOLEEZA RICE, | ) | |
| SECRETARY, U.S. DEPARTMENT | ) | |
| OF STATE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Condoleeza Rice, Secretary, United States Department of State, in her official capacity, hereby moves the Court to dismiss the above-captioned case for failure to state a claim upon which relief can be granted. In support of this Motion, Defendant refers the Court to the attached Memorandum of Law and Authorities.

Dated: September 6, 2005               Respectfully Submitted,

                                       _____/s/_____
                                       KENNETH L. WAINSTEIN, D.C. BAR #451058
                                       United States Attorney

                                       _____/s/_____
                                       R. CRAIG LAWRENCE, D.C. BAR #171538
                                       Assistant United States Attorney

                                       _____/s/_____
                                       JOHN C. TRUONG, D.C. BAR #465901
                                       Assistant United States Attorney
                                       555 Fourth Street, N.W.
                                       Washington, D.C. 20530
                                       (202) 307-0406

                                       Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL G. LYNN,           )<br>                                         )<br>       Plaintiff,                    )<br>                                         )<br>       v.                               )<br>                                         )<br>CONDOLEEZA RICE,      )<br>SECRETARY, U.S. DEPARTMENT )<br>OF STATE,                         )<br>                                         )<br>       Defendant.                )<br>_____) | Civ. No.: 05-1328(PLF)<br>ECF |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**I.     Introduction**

Plaintiff Michael G. Lynn filed suit under Title VII, 42 U.S.C. §§ 2000e *et seq.*, as amended, and the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, alleging that Defendant discriminated against him because of his disability (epilepsy) when Defendant did not give him the necessary medical clearance to qualify for the Foreign Service.  Mr. Lynn also alleges that Defendant retaliated against him for his EEO activities. Mr. Lynn's Complaint, however, is legally deficient for three reasons.  First, Mr. Lynn's disability is not a protected class as provided under Title VII.  Second, by definition,  the ADA does not include the federal government within its scope.  Finally, Mr. Lynn fails to allege a prima facie case for retaliation – namely he fails to allege a causal link between his EEO activity and his denial of a position in the Foreign Service.  Accordingly, the Court should dismiss the above-captioned action for failure to state a claim upon which relief can be granted.

**II.    Background**

Plaintiff Michael G. Lynn is currently a Bio-Medical Technician for the Rhode Island Hospital.  He applied for the position of Security Specialist, as a Junior Officer in the Foreign Service.  Compl. at ¶ 12.  Defendant gave him a conditional employment offer, subject to medical clearance.  Id.  Subsequently, Mr. Lynn informed Defendant that he had epilepsy.  Compl. at ¶ 7.  He takes Zonogram and Depakote daily for his medical condition.  Id. at ¶ 14.

Due to this medical condition, Defendant denied him the necessary medical clearance for worldwide service availability.  Id. at ¶ 15.  Worldwide availability is a requirement for acceptance into the Foreign Service.  Compl. at ¶ 41.  Mr. Lynn allegedly requested a waiver of this requirement but his application was denied.  Id.  ¶ 52-53.  Mr. Lynn then sued Defendant under Title VII and the ADA alleging discrimination based on his disability (epilepsy).  See Compl. at Counts I-IV.[1]

Mr. Lynn initially filed suit in the District of Rhode Island, but by consent of the parties the case was transferred to the District of Columbia.  It is unclear whether Mr. Lynn is prosecuting this case *pro se* or that he is still represented by his Rhode Island counsel, Mr. Bruce P. Gladstein.  In early August, when the undersigned counsel contacted Mr. Gladstein to seek consent for an extension of time, Mr. Gladstein informed the undesigned that he was planning to withdraw as counsel from this case.  To date, there is no indication that Mr. Gladstein has withdrawn as counsel.  Accordingly, Defendant will serve Mr. Lynn's counsel of record (Mr. Bruce Gladstein) with this Motion and its accompanying Memorandum of Law and Authorities.

---

[1]     Mr. Lynn's Complaint references the Rehabilitation Act, but he specifies that he is suing Defendant under the ADA in Counts II and IV.

### III.   Argument

#### A.   Fed. R. Civ. P. 12(b)(6) Standard of Review

A court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Atchinson v. D.C., 73 F.3d 418, 421 (D.C. Cir. 1996).  In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff.  Maljack Prods. v. Motion Picture Ass'n, 52 F.3d 373, 375 (D.C. Cir. 1995); Ramirez de Arellano v. Weinberger, 745 F.3d 1500, 1506 (D.C. Cir. 1984).  The court need not, however, accept the plaintiff's legal conclusions.  Taylor v. F.D.I.C., 132 F.3d 753, 762 (D.C. Cir. 1997).  Nor need the court accept unsupported assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Miree v. DeKalb County, 433 U.S. 25, 27 (1977).  In short, a motion to dismiss under Rule 12(b)(6) is intended to test the legal sufficiency of the complaint.  See Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003).

#### B.   Count I: Plaintiff's Title VII Should Be Dismissed for Failure to State a Claim.

In Count I, Mr. Lynn alleges that he "was a disabled individual therefore part of a protected class" under Title VII.  Compl. at ¶¶ 57, 58.  Disability, however, is not a protected class under Title VII.  Specifically, Title VII specifies that an employer cannot "discriminate

against any individual with respect to his . . . privileges of employment because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).  Disability is not one of these five protected categories.  Accordingly, Mr. Lynn's allegations of discrimination under Title VII because of his disability must be dismissed for failure to state a claim upon which relief can be granted.

      **C.**      **Counts II & IV: Plaintiff's ADA Claims Must Be Dismissed As The ADA Does Not Cover the Federal Government**.

In Counts II and IV, Mr. Lynn alleges that Defendant discriminated against him because of his disability (epilepsy) and that Defendant retaliated against him for his EEO activities in violation of the ADA.  Compl. at ¶¶ 65, 73.  It is well established law that the federal government is not a covered entity under the ADA.  42 U.S.C. § 12111(5)(B)(i) specifies that the term "employer" does not include the "United States government, a corporation wholly owned by the government of the United States, or an Indian tribe."  See also Stokely v. Bureau of Prison, 2005 WL 1216979, * 1 (D.D.C. May 20, 2005) (holding that "the ADA cannot be asserted against the federal government."); Woodruff v. Mineta, 215 F. Supp.2d 135, (D.D.C. 2002) (holding that "Congress specifically excluded the federal government from the category of 'employer' for the purposes of [the ADA]."); Barth v. Gelb, 761 F. Supp. 830, 832 (D.D.C. 1991) (holding that the ADA is not applicable to the federal government).

In this case, there is no dispute that Defendant (Department of State) is a federal agency within the United States government for purposes of the ADA.  Accordingly, under the law, Mr. Lynn's ADA claims against Defendant fail to state a claim and, therefore, they should be dismissed.

### D. Count III: Plaintiff's Retaliation Claim Must Be Dismissed for Failure to Allege A Causal Link.

In Count III, Mr. Lynn alleges that Defendant retaliated against him "by treating him in a demeaning and hostile fashion, causing him to fail to qualify as an *applicant for employment*, and treating him differently than persons who did not file *previous EEO claims*." Compl. at ¶ 70 (emphasis added). It is unclear what "previous EEO claims" Mr. Lynn refers to when he alleges that Defendant retaliated against him because of "previous EEO claims." Compl. at ¶ 70. The only EEO claim mentioned in the Complaint is the one he filed in May 2003, after he was denied a Foreign Service appointment. Compl. at ¶ 3(a). The only time that Mr. Lynn was "an applicant for employment" with Defendant was when he applied for a Foreign Service appointment.

To make out a prima facie case for retaliation, Mr. Lynn must allege that (1) he engaged in an EEO protected activity; (2) he was subject to an adverse personnel action; and (3) there is a causal connection between the protected activity and the adverse action. See Buggs v. Powell, 293 F. Supp.2d 135, 147 (D.D.C. 2003). To establish a causal connection, Mr. Lynn must allege that the decision makers were aware of his EEO claim, not just some employee within the agency. Owens v. Nat'l Medical Care, Inc., 337 F. Supp.2d 131, 138 (D.D.C. 2004) (holding that a causal link requires that plaintiff shows that the selecting official was aware of the protected activity).

Here, the decision makers were not aware of Mr. Lynn's EEO claim because the decision to deny him the Foreign Service appointment took place *before* his filing of any EEO claim. The record indicates that Ms. Kumiko Cross, former Chief of Medical Clearances, informed Mr.

5

Lynn on October 16, 2002, that he was not qualified for worldwide availability because of his epilepsy medical condition. Compl. at ¶¶ 15-17. Subsequently, Mr. Lynn applied for a waiver of the worldwide availability requirement, but Mr. Bruce Cole, Deputy Director of the Office of Recruitment, denied that request on January 31, 2003. Compl. at ¶ 19. As a result of these two decisions, Mr. Lynn was not selected for the Foreign Service. Mr. Lynn then filed an EEO charge of employment discrimination on Mary 28, 2003. Id. at 3(a).

Under these facts, Mr. Lynn cannot establish the requisite causal connection. The two alleged retaliatory actions that led to his denial of a position in the Foreign Service occurred before Mr. Lynn filed his EEO complaint. Obviously, Ms. Cross and Mr. Cole – the two individuals who denied him the medical clearance and waiver request, respectively, – could not have known of his EEO claim when they made their decisions. Accordingly, Mr. Lynn fails to establish a causal link between his protected activity and the adverse personnel action, and his retaliation claim should be dismissed for failure to meet the prima facie burden.

## IV. Conclusion

For the foregoing reasons, the Court should dismiss the above-captioned action because Mr. Lynn fails to state a claim upon which relief may be granted both under Title VII and the ADA.

Dated: September 6, 2005.                    Respectfully Submitted,

                                                          /s/
                                       KENNETH L. WAINSTEIN, D.C. BAR #451058
                                       United States Attorney

                                         /s/
                                       R. CRAIG LAWRENCE, D.C. BAR #171538

Assistant United States Attorney

_____/s/_____
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL G. LYNN, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>CONDOLEEZA RICE, )<br>SECRETARY, U.S. DEPARTMENT )<br>OF STATE, )<br>)<br>  Defendant. )<br>_____) | Civ. No.: 05-1328(PLF)<br>ECF |

**[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

Upon consideration of Defendant's Motion to Dismiss and the entire record herein, it is this _____ day of _____, 2005,

ORDERED that Defendant's Motion to Dismiss be and is hereby GRANTED; and it is

FURTHER ORDERED that the above-captioned action be and is hereby DISMISSED with prejudice.

SO ORDERED.

_____
United States District Judge

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 6th day of September , 2005, service of the foregoing Motion to Dismiss and the Memorandum of Law and Authorities was made via the Court's Electronic Case Filing System and by first class, postage prepaid mail Plaintiff's counsel addressed as follows:

Bruce P. Gladstein, Esq.
750 East Avenue
Pawtucket, RI 02860

/s/
JOHN C. TRUONG
Assistant United States Attorney